IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CYDRIC COLEMAN,            ) | |
| ID # 37473-177,            ) | |
|            Movant,   ) | No. 3:13-CV-0756-O-BH |
| vs.                        ) | No. 3:10-CR-0038-O |
|                            ) | |
| UNITED STATES OF AMERICA,  ) | |
|            Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion for Relief Fed. R. Civ. P. 60(b)(6)*, received on July 2, 2019 (doc. 16). Based on the relevant findings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On February 15, 2013, Cydric Coleman (Movant) filed a *Motion to Vacate, Set Aside, or Correct Sentence* under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Cause No. 3:10-CR-0038-O for conspiracy to distribute a controlled substance (count one), two counts of possession of a firearm in furtherance of a drug trafficking crime (counts two and four), and conspiracy to maintain drug-involved premises (count three). (*See* doc. 2.) He had been sentenced to concurrent terms of 120 months on the conspiracy counts, and to mandatory consecutive sentences of 5 years and 25 years on the gun counts, for a total of 480 months' imprisonment, to be followed by supervised release. (*See United States v. Coleman,* No. 3:10-CR-38-O (N.D. Tex.), doc. 194.) The motion to vacate raised the following grounds:

> (1) trial counsel was ineffective by failing to advise him that he could plead guilty to the one-count indictment and be sentenced between 87 to 108 months without entering into a cooperation agreement with the government (ground one);
>
> (2) he was eligible for resentencing under the Fair Sentencing Act (ground two); and

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

      (3) Counts One and Three of the indictment are multiplicitous (ground three).

(*See* doc. 2 at 14-15.)[2]

      The Court found the third ground procedurally barred for failure to raise it on direct appeal[3] and denied relief on the first ground, but it granted relief on the second ground and vacated his sentence. (*See* docs. 10-12.) By judgment dated April 14, 2015, it resentenced Movant to concurrent terms of 60 months on the conspiracy counts, and to mandatory consecutive sentences of 5 years and 25 years on the gun counts, for a total of 420 months' imprisonment, to be followed by supervised relief. (*See* No. 3:10-CR-38-O, doc. 278.) Movant appealed the new sentence and also sought to appeal the partial denial of his § 2255 motion. (*See id.*, doc. 299 at 2.) The Fifth Circuit Court of Appeals affirmed his sentence and dismissed the appeal of his § 2255 motion for lack of jurisdiction, finding that he did had not filed a timely notice of appeal or otherwise clearly evince his intent to appeal the judgment. (*Id.* at 3.) Movant now seeks relief from the judgment under Fed. R. Civ. P. 60(b)(6). (doc. 16.)

## II.  RULE 60(b)

      Rule 60(b) of the Federal Rules of Evidence provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] The Court also found that Movant's third ground was without merit because he had been convicted of two separate offenses requiring proof of different elements, so charging him with both did not violate the constitutional prohibition against double jeopardy. (*See* docs. 10 at 5 n.2, 11.)

earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered,. *See* RULE 60(c)(1).

Here, Movant filed his motion more than five years after judgment was entered in his initial habeas case and expressly invokes paragraph 6, so it arises under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Movant alleges extraordinary circumstances based on a due process/liberty violation. (doc. 16 at 1.) He claims that the Court did not rule on the merits of his due process challenge to his conviction for multiple conspiracies (ground three), and that this failure results in a miscarriage of

justice. (*Id.* at 2, 3.) He claims that he "raised an issue exposing a constitutional violation by charging, convicting and sentencing [him] to multiple conspiracies in violation of Due Process, as the time periods in the indictment charge one date for both alleged conspiracies in the same geographical location, with the same co-conspirating [sic] participations, durived [sic] from a single objective and agreement. Thus, one single conspiracy." (*Id.* at 4-5.)

As noted, the Court found that Movant's third ground was procedurally barred because he did not raise it on direct appeal. (*See* docs. 10 at 4-5, 11.) It also found that he had not asserted either cause or prejudice to overcome the procedural bar, or established a fundamental miscarriage of justice. The Court specifically found, however, that even if the claim was not procedurally barred, it still lacked merit because Movant had been convicted of two separate offenses requiring proof of different elements, so charging him with both conspiracies did not violate the constitutional prohibition against double jeopardy. (*See* doc. 10 at 5 n.2 (citing *United States v. Tucker*, 345 F.3d 320, 337 (5th Cir. 2003) ("The test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not."); doc. 11.) It noted that a conspiracy to distribute a controlled substance requires proof that two or more persons reached an agreement to possess with intent to distribute cocaine, and a conspiracy to maintain a drug-involved premises requires proof that two or more persons reached an agreement to manage or maintain a premises for storing, distributing, or using a controlled substance. (*See id.*)

Contrary to his allegations in his Rule 60(b)(6) motion, the Court did address the merits of Movant's claim. He failed to appeal the judgment denying his claim, and he may not use Rule 60(b)(6) as a substitute for appeal. He has also not shown exceptional circumstances justifying relief from the judgment.

## III. RECOMMENDATION

The motion for relief from judgment under Rule 60(b)(6) should be **DENIED**.

**SIGNED this 3rd day of July, 2019.**

*IRMA CARRILLO RAMIREZ*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*IRMA CARRILLO RAMIREZ*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE