IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CYDRIC COLEMAN, | ) | |
| ID # 37473-177, | ) | |
|         Movant, | ) | No. 3:13-CV-0756-O-BH |
| vs. | ) | No. 3:10-CR-0038-O |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|         Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference dated August 22, 2019 (doc. 24), before the Court is the movant's request for relief from judgment, received on August 20, 2019 (doc. 22). Based on the relevant findings and applicable law, the request should be construed as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and **DENIED**.

**I. BACKGROUND**

On February 15, 2013, Cydric Coleman (Movant) filed a *Motion to Vacate, Set Aside, or Correct Sentence* under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Cause No. 3:10-CR-0038-O for conspiracy to distribute a controlled substance (count one), two counts of possession of a firearm in furtherance of a drug trafficking crime (counts two and four), and conspiracy to maintain drug-involved premises (count three). (*See* doc. 2.) He had been sentenced to concurrent terms of 120 months on the conspiracy counts, and to mandatory consecutive sentences of 5 years and 25 years on the gun counts, for a total of 480 months' imprisonment, to be followed by supervised release. (*See United States v. Coleman*, No. 3:10-CR-38-O (N.D. Tex.), doc. 194.) The motion to vacate raised the following grounds:

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

      (1) trial counsel was ineffective by failing to advise him that he could plead guilty to the one-count indictment and be sentenced between 87 to 108 months without entering into a cooperation agreement with the government (ground one);

      (2) he was eligible for resentencing under the Fair Sentencing Act (ground two); and

      (3) Counts One and Three of the indictment are multiplicitous (ground three).

(*See* doc. 2 at 14-15.)[2]

      Movant's third ground specifically alleged that Counts One and Three of the indictment, which charged him with conspiracy to distribute a controlled substance and conspiracy to maintain a drug-involved premises, respectively, were multiplicitous and violated his right against double jeopardy. (*See* doc. 2 at 15; doc. 6 at 3-4.) The claim was denied with prejudice as procedurally barred for failure to raise it on direct appeal[3] by judgment entered on June 20, 2014. (*See* doc. 10 at 4-5; docs. 11-12.)

      On July 2, 2019, Movant sought relief from this portion of the judgment under Fed. R. Civ. P. 60(b)(6), which the Court denied on July 22, 2019. (*See* docs. 16-18.) He now again seeks relief from that portion of the final judgment, raising a substantively similar claim to the one he raised in his initial motion under Fed. R. Civ. P. 60(b)(6), i.e., that the Court erred in determining his double jeopardy claim was procedurally barred. (*See* doc 16 at 4-7; doc. 22.)[4]

## II. NATURE OF SUIT

      A motion for relief from judgment that seeks to advance one or more substantive habeas

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] The Court also noted that Movant's third ground was without merit because he had been convicted of two separate offenses requiring proof of different elements, so charging him with both did not violate the constitutional prohibition against double jeopardy. (*See* docs. 10 at 5 n.2, 11.)

[4] Movant also simultaneously filed a letter addressed to the sentencing judge in which he also argues that the Court erred in determining that his third claim was procedurally barred. (*See* doc. 23.)

claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive ... application") (citations omitted). Although the Supreme Court in *Gonzalez* "declined to consider whether its analysis would be equally applicable to § 2255 cases," *United States v. Brown*, 547 Fed. Appx. 637, 641 (5th Cir. 2013) (per curiam) (citing *Gonzalez*, 545 U.S. at 529 n.3), the Fifth Circuit "has applied the holding in *Gonzalez* to § 2255 cases," *id*. (collecting cases).

Here, while Movant again raises his double jeopardy argument, he does so in the context of an attack on the finding that the issue was procedurally barred. (*See* doc. 22 at 4.) He argues that reasonable jurists would find the court's assessment of this claim "debatable or wrong." *See id.* Because Movant alleges a defect in the integrity of the federal habeas proceedings, the request should be construed as a second motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) 60(b), rather than a successive § 2255 motion. *See Gonzalez*, 545 U.S. at 525 (stating that a filing is properly considered as a Rule 60(b) motion "if it merely attacks a defect in the federal habeas proceedings' integrity").

3

### III. RULE 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time and, for reasons (1), (2), and (3), no longer than one year after judgment was entered. *See* Rule 60(c)(1).

Here, Movant filed his motion more than five years after judgment was entered in his initial habeas. Relief under Rule 60(b)(1), (2), and (3) is unavailable. *See id.* Additionally, because Movant does not claim that the judgment is void, or that it has been satisfied, released, or discharged, or based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable, relief under 60(b)(4), and (5) is also unavailable. *See* FED. R. CIV. PROC. 60(b)(4)-(5). Therefore, the motion necessarily arises under the "catch-all" clause of Rule 60(b)(6). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the

4

following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Movant argues that the Court erred by not ruling on the merits of his challenge to his conviction for multiple conspiracies. (*See* doc. 22 at 4.) He argues that "[t]he U.S. Constitution supreme law of the land is prevalent over any Federal rules and procedure. One can not be procedurally barred raising a constitutional violation." (*See id.*) He asks, "How am I procedurally barred?" (*See id.*)

The Court previously found that Movant's third ground was procedurally barred because he did not raise it on direct appeal. (*See* doc. 10 at 4-5, doc. 11.) It also found that he had not asserted either cause or prejudice to overcome the procedural bar, or established a fundamental miscarriage of justice. Movant has not demonstrated that the interest in deciding the case on its merits outweighs the interest in the finality of the judgment, or that there is merit in the claim. He failed to appeal the judgment denying his claim, and he may not use Rule 60(b) as a substitute for appeal. He has not shown exceptional circumstances justifying relief from the judgment.

## IV. RECOMMENDATION

Movant's request for relief from judgment should be construed as a motion for relief from

5

judgment under Rule 60(b) of the Federal Rules of Civil Procedure, and **DENIED**.

**SIGNED on this 23rd day of September, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE